**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROSELINE Y. CHARLES, | ) | CASE NO.: 16-57698-pwb |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |
| ROSELINE Y. CHARLES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADVERSARY CASE NO. 16-05108 |
| | ) | |
| CHRISTIANA TRUST, A DIVISION | ) | |
| OF WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, AS TRUSTEE FOR | ) | |
| STANWICH MORTGAGE LOAN | ) | |
| TRUST, SERIES 2013-7 AND | ) | |
| CARRINGTON MORTGAGE | ) | |
| SERVICES, LLC, RUSHMORE LOAN | ) | |
| MANAGEMENT SERVICES, LLC, | ) | |
| AND MCCALLA RAYMER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED
COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN VALIDITY,
STATUS AND DISCHARGEABILITY OF DEBT AND FOR OTHER RELIEF AND
DAMAGES**

COME NOW Defendants, Christiana Trust, a Division of Wilmington Savings Fund

Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-7 ("Christiana Trust"),

Carrington Mortgage Services, LLC ("Carrington"), and Rushmore Loan Management Services,

LLC ("Rushmore") (collectively referred to herein as "Defendants"), by and through their

undersigned counsel and submit this Brief in Support of Defendants' Motion to Dismiss

Amended Complaint to Determine Validity and Extent of Lien Validity, Status and Dischargeability of Debt and For Other Relief and Damages filed by Plaintiff-Debtor, Roseline Y. Charles ("Plaintiff") stating the following to this Honorable Court:

## **<u>INTRODUCTION</u>**

This is the **<u>third</u>** time in the last three years where Plaintiff has filed a lawsuit against her mortgage lender, holder, or servicer seeking to inhibit their rights under a duly executed promissory note and Security Deed.  In two prior lawsuits, Plaintiff voluntarily dismissed her claims.  In Plaintiff's second lawsuit, the court entered an adjudication on the merits against Plaintiff as to her claims to quiet title and for declaratory judgment against Defendants.  Therefore, Plaintiff's present lawsuit is barred pursuant to Fed. R. Civ. P. 41(a)(1)(A) and 41(a)(1)(B).

On May 2, 2016, Plaintiff filed for Chapter 7 bankruptcy protection with this Court.  On May 16, 2016, Plaintiff initiated this Adversary Proceeding against Defendants asserting the exact same claims as her prior lawsuits.  On July 1, 2016, Plaintiff filed her Amended Complaint (the "Complaint") with this Court.  Plaintiff's claims must be dismissed at the outset as she has no standing to assert claims that arose prior to her bankruptcy petition, which may only be asserted by the bankruptcy trustee.  Therefore, this Court does not possess subject matter jurisdiction.  Moreover, Plaintiff's present lawsuit fails to allege a single cognizable claim or cause of action against Defendants and must be dismissed.  For these reasons, and the reasons set forth below, Plaintiff's Complaint should be dismissed.

## STATEMENT OF FACTS

### I.    Factual Background

Plaintiff's Complaint concerns real property located at 1944 Acorn Lane, Dacula, Georgia 30019 (the "Property").  On or about February 1, 2007, Plaintiff obtained a mortgage loan from Branch Banking & Trust Co. ("BB&T") in the principal amount of $349,851.00 (the "Loan"). To secure repayment of the Loan, Plaintiff executed and delivered to BB&T, and its successors and assigns, a security deed (the "Security Deed") conveying legal title and power to sell the Property in the event of an uncured default.  The Security Deed was recorded on February 7, 2007, in Deed Book 47535, Page 169, Gwinnett County, Georgia Records.  A copy of the Security Deed is attached hereto as **Exhibit A**[1] and incorporated by reference.

On July 25, 2012, BB&T assigned the Security Deed to FV-1, Inc., In Trust for Morgan Stanley Mortgage Capital Holdings, LLC by the Assignment of Security Deed (the "First Assignment") recorded on August 16, 2012, in Deed Book 51576, Page 766, Gwinnett County, Georgia Records.  A copy of the First Assignment is attached hereto as **Exhibit B** and incorporated by reference.  On April 5, 2013, a Corrective Assignment (the "Corrective Assignment") was recorded to modify the assignee of the First Assignment to FV-1, Inc., as trustee for Morgan Stanley Mortgage Capital Holdings LLC ("FV-1").  The Corrective Assignment was recorded in Deed Book 52136, Page 305, Gwinnett County, Georgia Records.

---

[1] This Court may take judicial notice of the real estate records attached hereto pursuant to Fed. R. Evid. 201.  These documents are recorded legal instruments, which are maintained by the Gwinnett County Clerk of the Superior Court and qualify under the rule as they are "capable and accurate and ready for determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  For the convenience of the Court, copies of the recorded instruments are attached hereto.

A copy of the Corrective Assignment is attached hereto as **Exhibit C** and incorporated by reference.  On March 20, 2014, FV-1 assigned the Security Deed to Christiana Trust by the Assignment of Security Deed (the "Second Assignment") (the First Assignment, Corrective Assignment, and Second Assignment shall be collectively referred to as the "Assignment") recorded on December 21, 2015, in Deed Book 54004, Page 81, Gwinnett County, Georgia Records.  A copy of the Second Assignment is attached hereto as **Exhibit D** and incorporated by reference.

Plaintiff eventually defaulted in the repayment of the Loan.  No foreclosure sale of the Property has occurred.  In a blatant attempt to prevent the lawful foreclosure of the Property, Plaintiff filed this Complaint seeking to quiet title to the Property.

II.    **Procedural Background**

A.    **Plaintiff's First Bankruptcy.**

On May 3, 2010, Plaintiff filed for Chapter 13 Bankruptcy Protection with the U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division (Bankruptcy Petition No. 10-73344) (the "First Bankruptcy Matter").  In Schedule D of her Statement of Financial Affairs, Plaintiff identified BB&T as a secured creditor of the Property with a secured claim of $300,000.00.   A copy of Schedule D of the Statement of Financial Affairs from the First Bankruptcy Matter is attached hereto as **Exhibit E** and incorporated by reference.  On February 2, 2012, the court in the First Bankruptcy Matter entered an Order of Dismissal due to Plaintiff's failure "to comply with the direction of the Court."  A copy of the Order of Dismissal from the First Bankruptcy Matter is attached hereto as **Exhibit F** and incorporated by reference.

**B.**     **Plaintiff's Second Bankruptcy.**

On May 8, 2012, Plaintiff again filed for Chapter 13 Bankruptcy Protection with the U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division (Bankruptcy Petition No. 12-61983) (the "Second Bankruptcy Matter").  During the Second Bankruptcy Matter, a Motion for Relief from Stay was filed by Specialized Loan Servicing, LLC, as servicing agent for FV-1, seeking relief from the automatic stay to foreclose on the Property due to Plaintiff's default on the Loan.  A copy of the Motion for Relief from Stay filed in the Second Bankruptcy matter is attached hereto as **Exhibit G** and incorporated by reference.  On November 13, 2012, the court entered an Order of Dismissal of the Second Bankruptcy Matter, a true and correct copy of which is attached hereto as **Exhibit H** and incorporated by reference.

**C.**     **Plaintiff's First Lawsuit.**

On or about February 4, 2013, Plaintiff initiated her first of a line of judicial proceedings in an attempt to remain in possession of the Property without paying the amounts due on the Loan by filing a Complaint styled *Roseline Charles vs. Branch Banking & Trust Co., Saxon Mortgage, Inc., Select Loan Servicing, Inc., Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation* in the Superior Court of Gwinnett County, Georgia (Case No. 13A-00994-10) (the "First Lawsuit").  A true and correct copy of the Complaint from the First Lawsuit is attached hereto as **Exhibit I**[2] and incorporated by reference.

---

[2] The Court may take judicial notice of previous complaints and court orders attached to a Motion to Dismiss because they are matters of public record.  *See Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.  Public records are among  the permissible facts that a district court may consider.").

Despite acknowledging the validity of the Loan in both of her prior bankruptcy matters, Plaintiff's First Lawsuit alleged that "[D]efendants are without any right whatsoever and they have no legal or equitable right, claim or interest in the [Property]." *See* Ex. I.  Plaintiff further sought a "declaration that the title to the subject property is vested in plaintiff alone and that the defendants herein, and each of them, be declared to have no estate, right, title or interest in the [Property] and that the defendants … be forever enjoined from asserting any estate, right, title or interest in the [Property] adverse to Plaintiff." *See id.*

On February 28, 2013, the First Lawsuit was removed to the United States District Court for the Northern District of Georgia (Case No. 1:13-cv-00649-RWS).  On April 3, 2013, Plaintiff filed a Notice of Voluntary Dismissal of the First Lawsuit.  A copy of the Notice of Voluntary Dismissal of the First Lawsuit is attached hereto as **Exhibit J** and incorporated by reference.

### D.    Plaintiff's Second Lawsuit.

In October 2014, after voluntarily dismissing the First Lawsuit, Plaintiff filed a second lawsuit concerning the Property titled *Roseline Charles vs. Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-7, Carrington Mortgage Services, LLC, Rushmore Loan Management Services, LLC, and McCalla Raymer, LLC* in the United States District Court for the Northern District of Georgia (Case No. 1:14-cv-03398-RMS) (the "Second Lawsuit").  On October 27, 2014, Plaintiff filed a Corrective Complaint in the Second Lawsuit, a copy of which is attached hereto as **Exhibit K** and incorporated by reference.

The allegations of Plaintiff's Second Lawsuit are nearly identical to the First Lawsuit and the current Complaint where Plaintiff sought a declaration from the Court that Defendants "have

no valid title and rights with respect to plaintiff's [Property] …", to quiet title to the Property against Defendants, and violations of the Fair Debt Collection Practices Act against Rushmore. *See generally* Ex. G.  On October 28, 2014, the court in the Second Lawsuit entered an order (the "Injunctive Relief Order") denying Plaintiff's request for injunctive relief finding that Plaintiff "failed to allege sufficient facts to demonstrate a substantial likelihood of success on any of her claims."  A true and correct copy of the Injunctive Relief Order is attached hereto as **Exhibit L** and incorporated by reference.

On June 18, 2015, upon the filing of a Motion to Dismiss, an Order was entered in the Second Lawsuit (the "Motion to Dismiss Order") dismissing Plaintiff's claims for declaratory relief and quiet title without prejudice.  The court further ordered Plaintiff to amend her pleadings to include more definite statement as to her FDCPA claims.  A true and correct copy of the Motion to Dismiss Order is attached hereto as **Exhibit M** and incorporated by reference.  On July 6, 2015, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice of the Second Lawsuit, a true and correct copy of which is attached as **Exhibit N** and incorporated by reference.

On May 16, 2016, Plaintiff filed her initial Complaint in this matter.  On July 1, 2016, after Defendants filed a Motion to Dismiss, Plaintiff amended her Complaint.  The current Complaint is nearly verbatim from the original pleading and merely adds citations from the promissory note and Security Deed for the Loan.  The Complaint is nothing more than Plaintiff's last gasp attempt to remain in the Property without paying her Loan.

Even though Plaintiff has pled additional counts from her prior lawsuits, the Complaint arises from the same set of operative facts and involves the same parties, or privies, that were

parties in the First Lawsuit and Second Lawsuit. The common thread between the three lawsuits filed by Plaintiff center upon allegations that the Defendants have no interest in the Property. However, this is simply not true as Plaintiff's allegations are completely baseless and contain vague references to irrelevant law and standards. Additionally, Plaintiff is not the proper party to bring this lawsuit as any causes of action of Plaintiff are now part of the bankruptcy estate and must be brought exclusively by the bankruptcy trustee. Moreover, the Court ruled against Plaintiff's Motion to Abandon the claims in this Adversary Proceeding. Finally, Plaintiff's attempted FDCPA claim against Carrington and Rushmore also fails as it lacks the specific details required for such a claim and should be dismissed. For the foregoing reasons, Plaintiff's claims fail to state any claim upon which relief may be granted and the Complaint must be dismissed with prejudice.

## **STANDARD OF REVIEW**

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 12 applies to this Adversary Proceeding through Federal Rule of Bankruptcy Procedure 7012. In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), and considers the allegations in the complaint in the light most favorable to the plaintiff. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007).

To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Plausibility" requires more than a "sheer

possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (*citing Twombly*, 550 U.S. at 557).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1263 (11th Cir.2004) "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Id.* (citations omitted).

## ARGUMENT AND CITATION TO AUTHORITY

**I.    Plaintiff Lacks Standing To Bring This Lawsuit And This Court Is Without Subject Matter Jurisdiction.**

Plaintiff's Complaint must be dismissed as Plaintiff lacks standing to bring her claims and this Court lacks subject matter jurisdiction.  Standing is a subject matter jurisdiction issue. *McGee v. Solicitor General of Richmond County*, 727 F.3d 1322, 1326 (11th Cir. 2013) ("Standing is a doctrine that stems directly from Article III's case or controversy requirement, and thus it implicates our subject matter jurisdiction.") (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)).  "It is well settled that causes of action which have accrued prior to bankruptcy become part of the bankruptcy estate."  *Counts v. Red Coats, Inc.*, 2010 U.S. Dist. LEXIS 66424 (N.D. Ga. May 28, 2010) (quoting *In re Alvarez*, 224 F.3d 1273, 1278 (11th Cir. 2000)).

A cause of action belonging to the debtor in a bankruptcy proceeding vests in the bankruptcy estate upon the filing of a bankruptcy petition.  *See* 11 U.S.C. § 541; *see also Parker v. Wendy's Int'l., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally, the trustee is the only

party with standing to prosecute a pre-petition cause of action, because the claim is an asset of the Chapter 7 bankruptcy estate unless abandoned pursuant to Section 554 of the Bankruptcy Code."); *Bernstein v. Wells Fargo Bank, N.A. (In re Bernstein)*, 525 B.R. 505 (Bankr. N.D. Ga. 2015) (dismissing adversarial proceeding filed by debtor against mortgage lender because debtor did not have standing to prosecute pre-petition claims).   Therefore, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and the only party with standing to prosecute causes of action belonging to the estate.  *See Jones v. Clayton County*, 184 Fed. Appx. 840 (11th Cir. 2006); *see also Davy v. Star Packaging Corp.*, 517 Fed. Appx. 874, 876 (11th Cir. 2013); *Webb v. City of Riverdale*, 472 Fed. Appx. 884, 884 (11th Cir. 2012); *Isaac v. IMRG*, 224 Fed. Appx 907 (11th Cir. 2007) (holding that trustee was the proper party in interest with standing to prosecute causes of action belonging to the estate).

Plaintiff filed her Chapter 7 Petition on May 2, 2016.  Plaintiff's initiated this adversarial proceeding on May 16, 2016.  Plaintiff's Complaint asserts causes of action stemming from a Loan originated in February 2007 and purported causes of action which occurred prior to the filing of the Chapter 7 petition.  The fact that Plaintiff's claims arose pre-petition is evident from the fact that she raised identical claims in the First Lawsuit and Second Lawsuit.  Because Plaintiff's purported claims occurred prior to the filing of the current bankruptcy, the claims in the Complaint belong to the Chapter 7 Trustee.  The bankruptcy trustee has not abandoned any of Plaintiff's causes of action which may be part of the estate.  Accordingly, Plaintiff lacks standing to assert the claims in her Complaint, this Court is without subject matter jurisdiction to entertain Plaintiff's Complaint, and the Complaint must be dismissed.

**II.**    **Plaintiff's Complaint Against Defendants Is Barred By The "Two-Dismissal Rule."**

Plaintiff's Complaint is barred by the "two-dismissal rule."  Rule 41(a)(1) allows a plaintiff to dismiss an action voluntarily without a court order by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i). However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, **a notice of dismissal operates as an adjudication on the merits**."  Fed. R. Civ. P. 41(a)(1)(B) (emphasis added).  "The primary purpose of the 'two-dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading."  *Davis v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 85667 (N.D. Ga. May 15, 2015) (citing *ASX Inv. Corp. v. Newton*, 183 F. 3d 1265, 1268 (11th Cir. 1999).  The two-dismissal rule may bar a claim under *res judicata* when a party to a lawsuit is in privity with the party who voluntarily dismissed two prior actions under Rule 41(a)(1)(A)(i).  *See Manning v. S.C. Dep't of Highway and Public Transp.*, 914 F.2d 44, 47 (4th Cir. 1990).

Here, Plaintiff has filed three lawsuits all involving the same and/or substantially similar claims and causes of action regarding the Loan and Security Deed.  The theories of recovery alleged in the current Complaint are nearly identical to the First Lawsuit and Second Lawsuit, both of which were voluntarily dismissed.  The dismissal of the Second Lawsuit operated as an adjudication on the merits of Plaintiff's claims.  Plaintiff should not be permitted a third bite at the apple to assert these claims against Defendants.  Accordingly, Plaintiff's claims are barred by her two prior voluntary dismissals and this matter should be dismissed with prejudice.

**III.**    ***Res Judicata* Bars The Current Complaint.**

Plaintiff's claims are also barred by the doctrine of *res judicata*.  "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."  *Neely v. City of Riverdale*, 298 Ga. App. 884, 886 (2009).  Generally, federal courts apply the law of the state in which they sit with respect to the doctrine of *res judicata*.  *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990).  "In Georgia, the doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."  *Starship Enters. of Atlanta, Inc. v. Coweta Cty.*, 708 F.3d 1243, 1253 (11th Cir. 2013) (citing *James v. Intown Ventures, L.L.C.*, 290 Ga. 813, 816 (2012)).  "Three prerequisites must be met before res judicata will apply: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) previous adjudication on the merits by a court of competent jurisdiction."  *James*, 290 Ga. at 813, 816.  The doctrine applies even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added.  *See Neely*, 298 Ga. App. at 887.

**A.**    **Plaintiff's Allegations Are Identical To Her Prior Lawsuits.**

Although Plaintiff attempts to mask her current Complaint as one including additional causes of action, the factual allegations supporting the Complaint are nearly identical to the allegations contained in Plaintiff's Second Lawsuit, part of which was adjudicated on the merits. The subject matter of both the Second Lawsuit and the current Complaint are identical: Plaintiff's

Loan and Security Deed.  Furthermore, the allegations in both lawsuits are nearly identical:

| **Second Lawsuit Allegations** | **Current Complaint Allegations** |
| --- | --- |
| "[Christiana Trust] claims to have acquired certain security interests regarding plaintiff's loan and property.    Christiana had not demonstrated to plaintiff how it obtained such interest upon her request for that information nor had any assignment been received and recorded in the land records."    (Second Lawsuit, ¶ 10). | "[Christiana Trust] claims to have acquired certain security interests regarding plaintiff's loan and property.    Christiana had not demonstrated to plaintiff how it obtained such interest upon her request for that information nor had any assignment been received and recorded in the land records."   (Complaint ¶ 10). |
| "There are multiple breaks in the chain of assignment of plaintiff's Note and Deed and a substantial question as to whether [Christiana Trust] has an assignment at all let alone a broken chain of assignments …"    (Second Lawsuit, ¶ 12). | "There are multiple breaks in the chain of assignment of plaintiff's Note and Deed and a substantial question as to whether [Christiana Trust] has an assignment at all let alone a broken chain of assignments …"   (Complaint, ¶ 12). |
| "The claims of right and title by Christiana Trust constitute a cloud on plaintiff's rights and title and she is entitled to have this cloud removed." (Second Lawsuit, ¶ 16). | "The claims of right and title by Christiana Trust constitute a cloud on plaintiff's rights and title and she is entitled to have this cloud removed."  (Complaint, ¶ 16). |
| "Carrington Mortgage Services has, within the past year, engaged in collection attempts related to plaintiff's loan in behalf of the Stanwich Trust as trustee for Stanwich. Claiming that plaintiff's loan was in default. Upon information and belief, Carrington later transferred its servicing rights to Rushmore Loan Services, LLC." (Second Lawsuit, ¶ 22). | "Carrington Mortgage Services has, within the past year, engaged in collection attempts related to plaintiff's loan in behalf of the Stanwich Trust as trustee for Stanwich. Claiming that plaintiff's loan was in default. Upon information and belief, Carrington later transferred its servicing rights to Rushmore Loan Services, LLC."  (Complaint, ¶ 22). |
| "Plaintiff … further alleges that because no defendant has a valid interest in either her Promissory Note or Security Deed, she is entitled to a declaration to this effect." (Second Lawsuit, ¶ 29). | "Plaintiff … further alleges that because no Defendant has a valid interest in either her Promissory Note or Security Deed, she is entitled to a declaration to this effect and an order expunging the underlying Security Deed and/or cancelling the same." (Complaint, ¶ 56). |

Based on the above, it is apparent that Plaintiff's Complaint and the Second Lawsuit

contain the same allegations concerning the standing of Christiana Trust to foreclose on the Property, alleged FDCPA violations by Carrington and Rushmore, and the validity of the Loan and Security Deed.  Although Plaintiff alleges new counts for breach of the duty of good faith and fair dealing and civil conspiracy in her Complaint that were not previously pled, all of the counts arise under the same nucleus of operative fact and should have been raised by Plaintiff in either her First Lawsuit or Second Lawsuit.  Accordingly, the identical subject matter alleged by Plaintiff in all three of her lawsuits bars Plaintiff's Complaint under res judicata.

**B.    Defendants Are Privies Of Parties To Plaintiff's Prior Lawsuits.**

Plaintiff's claims are also barred as the Defendants are privies to parties from Plaintiff's First Lawsuit against BB&T and Saxon Mortgage, Inc.  "A privy is generally defined as 'one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 421 (2006) (citing *Butler v. Turner*, 274 Ga. 566, 568 (2001)).  "Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property."  *Roadway Express, Inc. v. McBroom*, 61 Ga. App. 223 (1939).

Georgia courts have previously addressed the issue of privity in the context of mortgage loans. *See Bailey v. Deutsche Bank Nat'l Trust Co. Americas,* 2013 U.S. Dist. LEXIS 30489 (M.D. Ga. 2013) (holding that privity existed between a loan servicer and a trustee for purposes of res judicata).  "Privity describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect

the nonparty."  *Id.* at *3 (citing *Hart v. Yamaha-Parts Distribs., Inc.,* 787 F.2d 1468, 1472 (11th Cir. 1986)).  "This relationship between the party and nonparty may be one of several types: where the nonparty has succeeded to the party's interest in the property, where the nonparty controlled the original suit, where the nonparty's interests were represented adequately by the party in the original suit, and where the party and nonparty have concurrent interests in the same property right."  *Id.*

Here, it is unquestionable that the Defendants have concurrent interests in the same property rights which were adjudicated in the Second Lawsuit or dismissed in the First Lawsuit. In addition to the same property rights, there are no new facts since the dismissal of the Second Lawsuit to support re-litigation of those issues in the current lawsuit.  As outlined *supra*, the claims in the Complaint are identical to the prior lawsuits filed by Plaintiff.  As such, the Defendants are privies of BB&T and/or Saxon and Plaintiff's claims against Defendants are barred.

### C.    Plaintiff's Attempt To Assert New Claims Is Barred.

Although procedurally and substantively deficient, Plaintiff's Complaint seeks to add causes of action for breach of the duty of good faith and fair dealing, negligence, and civil conspiracy.  Nonetheless, *res judicata* bars those claims as they could have been brought in prior actions.  "*Res judicata* bars subsequent actions as to all matters put in issue or which could have been put in issue.  In other words, one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be *res judicata*."  *QOS Networks Ltd. v. Warburg, Pincus & Co.,* 294 Ga. App. 528, 541 (2008).

While Plaintiff's Complaint may seem to add claims and allegations that are different from the Second Lawsuit, all of the underlying allegations stem from the Plaintiff's allegation that Christiana Trust has no standing to enforce the Security Deed, that the Assignment of the Loan was improper, or that Christiana Trust is clouding title to the Property. These allegations have either been adjudicated by the court in the Second Lawsuit or previously twice-dismissed voluntarily by Plaintiff. Plaintiff asserts no new facts and no new causes of action that could not have been asserted in prior lawsuits. As such, Plaintiff's Complaint is barred by *res judicata* and must be dismissed.

### D. The Second Lawsuit Was An Adjudication On The Merits.

Finally, the Second Lawsuit is binding on this action as it was adjudicated on the merits of Plaintiff's claims. *See* Exs. L, M. "The sustaining of a motion to dismiss for failure to state a claim is *res judicata* on the merits of the claim." *Dillingham v. Doctor's Clinic, P.A.,* 236 Ga. 302 (1976). Accordingly, the claims asserted in the Second Lawsuit were dismissed by a court of competent jurisdiction, the U.S. District Court for the Northern District of Georgia, and serve to bar the identical claims asserted by the Plaintiff in the instant action under the doctrine of *res judicata*. For the reasons set forth above, dismissal of Plaintiff's Complaint with prejudice is appropriate.

### IV. Plaintiff's Quiet Title Claim Fails As A Matter Of Law.

Plaintiff alleges that the Security Deed currently held by Christiana Trust "constitute a cloud on plaintiff's rights and title and she is entitled to have this cloud removed." Dkt. 4, ¶ 16. The central allegations supporting Plaintiff's quiet title claim are that Christiana Trust was not assigned the promissory note for the Loan and that that Christiana Trust "has no assignment

whatsoever and/or no legally valid assignment and an unbroken chain of assignments of plaintiff's Note and Deed" and that the Second Assignment was "fraudulent."  *Id*. at ¶ 13. Plaintiff further makes hollow allegations regarding the securitization of the Loan and Christiana Trust's standing to foreclose.  *See generally* Dkt. 4, ¶¶ 40-44.  However, these claims fail as Plaintiff lacks standing to challenge any assignment of the Loan and it is apparent that Christiana Trust has standing to foreclose on the Property.

###    A.    The Deed Records Make It Clear That Christiana Trust Has The Authority To Foreclose On The Property.

Plaintiff's quiet title claim is entirely without merit as the property records make it abundantly clear that Christiana Trust is the secured creditor of the Loan and has the power to foreclose on the Property.

The express terms of the Security Deed state, "[t]his Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions, and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and Note.  For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with a power of sale …".  *See* Ex. A (emphasis added).  The Security Deed was assigned to Christiana Trust in or around December 2015.  *See* Ex. D. Accordingly, based upon the express terms of the Security Deed, Plaintiff was obligated to repay the Loan and, the failure to do so permits Christiana Trust, as an assignee of the Security Deed, to pursue all remedies provided -- including the exercise of the power of sale.

It is patently clear that Christiana Trust is the secured creditor for the Loan and has the right to foreclose on the Property in the event of Plaintiff's default.  Christiana Trust's right to foreclose on the Property has also been confirmed by the Supreme Court of Georgia.  *See You v.*

*JP Morgan Chase Bank, N.A.*, 321 Ga. App. 343 (2013) (holding that a foreclosing entity need only be the last assignee of the Security Deed in order to foreclose). Accordingly, based on the decision in *You* and the express terms of the Security Deed, it is apparent that Christiana Trust has standing to exercise the power of sale in the Security Deed and authority to foreclose on the Property. As a result, Plaintiff's blanket allegations that Christiana Trust has no interest in the Property or that any interest of Christiana Trust is creating a cloud on the Property is without merit and the Complaint must be dismissed.

**B.    Plaintiff Lacks Standing To Challenge Any Assignment Of The Loan.**

Plaintiff alleges that "there exists a broken chain of the assignments and missing or non-existing assignments to plaintiff's Security Deed and Note …" Dkt. 4, ¶ 13. Plaintiff also alleges that the Second Assignment was "fraudulent." *Id.* at ¶ 37. Plaintiff's allegations regarding the validity of any assignment fail because Plaintiff lacks standing to challenge any assignment related to the Loan.

As a general rule, non-parties to an agreement generally lack standing to challenge the validity of the agreement. *See Haldi v. Piedmont Nephrology Assocs., P.C.,* 283 Ga. App. 321, 322 (2007); *see also Breus v. McGriff*, 202 Ga. App. 216, 216 (1991) ("Appellants are strangers to the assignment contract … and thus have no standing to challenge its validity."). The assignment of a security deed is a contract between the deed holder and the assignee. *See Bank of Cave Spring v. Gold Kist, Inc.*, 173 Ga. App. 679, 689 (1985). In the context of the assignment of a security deed, a borrower who is a third-party to the assignment may not challenge the validity of such a document unless it appears to be facially void. *See Stoudemire v. HSBC Bank USA*, 2015 WL 3480428, at *2 (Ga. App. June 3, 2015) (upholding dismissal of

borrowers' claim that assignment was invalid due to failure to have appropriate attestations because "any defect in this regard did not render the assignment void on its face").

The issue of standing to challenge an assignment has been addressed by the Supreme Court of Georgia in *Ames v. JPMorgan Chase Bank, N.A.*, No. S15G1007 (Mar. 7, 2016). Specifically, the court in *Ames* held:

> What the debtor cannot do is dispute the assignment; that may normally be done only by the assignor, because the debtor is not a third-party beneficiary of the assignment *as a whole* and particularly is not intended to directly benefit from the transfer of the power of sale … [t]he Ameses were plainly not intended third-party beneficiaries of the assignment at issue here . . .

> If the Ameses believe that the assignment of their security deed to Chase was invalid and that Chase is therefore subverting the FDIC's discretion to decide whether to foreclose, then the Ameses should alert the FDIC to that concern so that the FDIC may intercede to assert any rights it believes it has.  In a situation where, for example, the entity attempting to foreclose has no legitimate claim to the security deed, such as where the alleged assignment was fraudulent, calling the foreclosure to the attention of the true deed holder would be expected to lead to remedial action by the true holder.  **But there is no evidence in this case that the FDIC has any concern about the assignment to Chase, and the Ameses cannot manufacture standing for themselves by asserting a claim that the party with standing has not asserted . . .**

> For these reasons, we conclude that the Court of Appeals correctly held that the Ameses lack standing to challenge the assignment of the security deed to Chase.

*Ames v. JPMorgan Chase Bank, N.A.*, No. S15G1007 (Mar. 7, 2016) (emphasis added).

Much like the plaintiff in *Ames*, Plaintiff has no standing to contest the validity of any Assignment here as she was not a party to any Assignment nor a third party beneficiary of any Assignment.  Moreover, the original holder of the Security Deed, BB&T, or prior assignee, FV-1, have not evidenced any concern about the Second Assignment to Christiana Trust.  Moreover, neither entity has stated any claim that the Second Assignment or any Assignment of the Loan

was fraudulent.  Accordingly, Plaintiff has no standing to challenge any Assignment of the Loan and the Complaint must be dismissed with prejudice.

### C.    Christiana Trust Only Needs To Be The Holder Of The Security Deed To Foreclose On The Property.

Plaintiff's Complaint makes the misguided allegation that Christiana Trust has no rights under the Loan because it is not the holder of the promissory note.  This is false.

Georgia courts have adopted a simple explanation as to the nature of, and rights conferred by, security deeds, stating plainly: "a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto."  *Gordon v. S. Cent. Farm Credit*, 213 Ga. App. 816, 817 (1994).  Further, the Supreme Court's *You v. JP Morgan Chase Bank, N.A.* opinion eliminated any remaining doubt as to a deed-holder's authority to initiate foreclosure proceedings pursuant to the terms of the security instrument, stating unequivocally that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed *even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed*."  *You v. JPMorgan Chase Bank, N.A.*, 293 Ga. 67, 74 (2013). (emphasis added).

Georgia law requires only that the necessary security instruments (or assignments thereof) establishing chain of title be filed in the public land records prior to any foreclosure sale. *See* O.C.G.A. § 44-14-162(b) ("The security instrument or assignments thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located.") (emphasis added).  Therefore, only recordation of the Security Deed and all associated assignments of the Security Deed are relevant to confer authority to initiate non-judicial

20

foreclosure on the Property. *See Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346 (2013) (stating that the Security Deed "gave . . . the right to invoke the power of sale").  As outlined *supra*, it is clear that the Security Deed has been assigned to Christiana Trust and the Second Assignment conferred all beneficial interest in the Security Deed to Christiana Trust. Accordingly, Plaintiff's challenges to any Assignment of the Loan or any argument that Christiana Trust does not possess an interest in the Property are without merit and the Complaint should be dismissed.

### D.    Georgia Courts Have Also Rejected Claims Of Improper Securitization Due To Lack Of Standing.

Georgia courts have likewise rejected claims of improper securitization due to lack of standing.  *Veal v. Deutsche Bank Nat. Trust Co.*, No. 1:13-CV-3610-WSD, 2014 WL 3611743, at *4 (N.D. Ga. July 17, 2014) ("Plaintiffs are not parties to the PSA or to the Assignment and they thus lack standing to assert claims against Deutsche Bank based on Plaintiffs' perceived defects in the transfer and assignment of their loan."); *see also*, *Edward v. BAC Home Loans Serv., L.P.*, 534 F. App'x 888, 891 (11th Cir. 2013) ("Plaintiffs allege that the transfer [of the Deed] violated the pooling and servicing agreement ("PSA") for the trust…. However, Plaintiffs are not a party to the PSA or to the challenged transfer, and, therefore, do not have standing to contest the validity of the transfer under the Georgia Code…. Thus, the district court properly dismissed the claims based on the transfer.").  Accordingly, Plaintiff's allegations fall far short of stating any claim for relief, and the procedural and substantive defects of such allegations cannot be remedied by amendment.  Therefore, the Complaint must be dismissed with prejudice.

**E.     Plaintiff's Quiet Title Claim Fails To Satisfy Statutory Requirements For A Quiet Title Action.**

Aside from the fact that Plaintiff's quiet title claim is based upon allegations to which she has no standing to challenge, Plaintiff also fails to satisfy the pleading requirements for a quiet title action under Georgia law.  Accordingly, any claim to quiet title must be dismissed.

**1.     Plaintiff Has Failed To Attach A Proper Plat Of Survey.**

The Georgia Quiet Title Act, O.C.G.A. §23-3-60 *et seq.*, provides specific procedural prerequisites to pleading a quiet title action:

> With the petition [to quiet title] there shall be filed (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62(c), *see also GHG, Inc. v. Bryan*, 275 Ga. 336, 566 (Ga. 2002) ("A petition [to quiet title] is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with O.C.G.A. § 23-3-62.").

Plaintiff's Complaint fails to properly plead a claim to quiet title relief under Georgia law as she has failed to attach a plat or survey of the land.  Plaintiff purports to attach an "associated plat of survey" to her Complaint.  *See* Dkt. 4, Ex. G.  However, the referenced exhibit is entirely insufficient to satisfy this requirement as it contains no record information, no property address, no boundary information, and contains entirely no relevant information which would demonstrate that the exhibit is associated with the Property.  Accordingly, Plaintiff's claim should be dismissed on this basis alone.  *See Roper v. Bank of Am., N.A.,* 2011 WL 1134085, at *3 (N.D. Ga. Apr. 4, 2012).  In *Roper*, the court held that because the plaintiff had "failed to attach to the complaint a plat survey of the land, as required by statute," she had "failed to

properly plead a claim for quiet title" and her claim failed as a matter of law. *Id*. at 4; *see also*

*Mann v. Blalock*, 286 Ga. 541 (2010) (holding quiet title action legally defective for plaintiff's

failure to file plat of survey); *Joseph v. CitiMortgage*, 2011 WL 5156817, at *2 (N.D. Ga. Oct.

27, 2011) (dismissing quiet title action for plaintiff's failure to file plat of survey of the land);

*Mann v. Blalock*, 286 Ga. 541 (2010) (holding quiet title action legally defective for plaintiff's

failure to file plat of survey). Accordingly, Plaintiff's claim to quiet title fails and should be

dismissed.

### 2.    Any Action To Quiet Title Under *Quia Timet* Also Fails.

In addition to a quiet title claim under O.C.G.A. § 23-3-60, Plaintiff also tries to assert a

claim under O.C.G.A. § 23-3-40, *et seq.* which governs conventional *Quia Timet* actions.

However, Plaintiff's Complaint also fails to state a claim in this regard and must be dismissed.

O.C.G.A. § 23-3-40 provides as follows:

> The proceeding *quia timet* is sustained in equity for the purpose of causing to be
> delivered or cancelled any instrument which has answered the object of tis
> creation or any forged or other iniquitous deed or other writing which, though not
> enforced at the time, either casts a cloud over the complainant's title or otherwise
> subjects him to future liability or present annoyance, and the cancellation of
> which is necessary to perfect protection.

O.C.G.A. § 23-3-40.

A case for conventional *quia timet* is made most often when a forged or mistaken

document appears on the real estate title.  Specifically, in order for Plaintiff to prevail under a

conventional *quia timet* theory, Plaintiff must show:

> (1)    That he cannot immediately or effectually maintain or protect his rights by
>         any other course of proceeding open to him;

(2)     That the instrument sought to be cancelled is such as would operate to throw a cloud or suspicion upon his title so that it might be vexatiously or injuriously used against him; and

(3)     That he either suffers some present injury by reason of the hostile claim of right or, though the claim has not been asserted adversely or aggressively, he has reason to apprehend that the evidence upon which he relies to impeach or invalidate the same as a claim upon his title may be lost or impaired by lapse of time.

O.C.G.A. § 23-3-42.

Here, Plaintiff makes no allegations of fact that come close to meeting the statutory standard for a *quia timet* action. Plaintiff merely alleges that there is a break in the chain of the assignments of the Loan and that Christiana Trust does not hold any interest in the Property. However, as demonstrated *supra*, this argument fails as Plaintiff lacks standing to challenge any assignment of the Loan and the real property records are clear that the Security Deed was assigned to Christiana Trust. Plaintiff's Complaint is nothing more than her seeking a means to cancel a valid security interest in the Property. Each of Plaintiff's allegations fail as the Security Deed was validly assigned to Christiana Trust. Accordingly, Plaintiff's Complaint fails to allege any cause of action to quiet title and the Complaint should be dismissed.

**V.     Plaintiff Cannot State A Claim For Violation Of The Fair Debt Collection Practices Act.**

The second count of Plaintiff's Complaint alleges a cause of action against Carrington and Rushmore for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See generally* Dkt. 1, ¶¶ 21-28. Specifically, Plaintiff makes the following allegations to support her FDCPA claim:

- "Within the year before this Complaint was filed, [Carrington and Rushmore] have sent hundreds of demand letters and notices containing the same or substantially similar language to that found in the letter attached as Exhibit H." Dkt. 1, ¶ 24

- "[D]efendants, as agents/representatives of [Christiana Trust], have falsely represented within the past year of the filing of this suit, that Rushmore (and at other times [Christiana Trust]), was the entity to whom plaintiff owed a debt (presumably implying the promissory note executed by plaintiff to BB&T)." Dkt. 1, ¶ 25.

- "However … neither Rushmore or Christiana ever owned or held Plaintiff's Note in their own behalf or in behalf of anyone else and had no rights to enforce the Note at any time relevant to the facts set forth above." Dkt. 1, ¶ 26.

Plaintiff claims that this conduct violates the FDCPA. However, Plaintiff fails to identify which of the Defendants made the alleged violation of the FDCPA, when such violation was made, or provide documentation or any correspondence supporting her alleged FDCPA claim. Without any further specificity, Defendants will be forced to engage in guesswork in order to evaluate Plaintiff's FDCPA claim. Plaintiff's FDCPA claim should be dismissed or, in the alternative, Plaintiff should be required to plead her FDCPA claim with more definite statement.

### A.    Plaintiff Has Not Alleged Any Information To Support A Claim Under The FDCPA.

Plaintiff's sole specific allegation in support of her FDCPA claim is a reference to a September 5, 2014, letter sent by Defendant, McCalla Raymer, LLC. *See* Dkt. 4, Ex. H. Plaintiff provides no correspondence that was purportedly sent by Carrington or Rushmore and provides no specific dates any alleged correspondence was purportedly sent by Carrington or Rushmore. Essentially, Plaintiff's FDCPA claim is premised upon the argument that Rushmore

and/or Christiana have no standing to foreclose on the Property -- a fact that is not in dispute. Plaintiff's FDPCA is the epitome of a shotgun pleading. *See NCI Group, Inc. v. Cannon Services, Inc.*, 2009 WL 2411145, at *19 (N.D. Ga. Aug 4, 2009).

Defendants cannot adequately prepare a response to Plaintiff's FDCPA claim. Plaintiff does not specify which Defendant allegedly violated the FDCPA, when any correspondence was sent by Rushmore or Carrington, or the context of why any alleged correspondence constituted a violation of the FDCPA. Defendants would have to engage in mere guesswork to respond to Plaintiff's FDCPA allegations. Accordingly, Defendants request that this Court dismiss Plaintiff's FDCPA claim or, in the alternative, order Plaintiff to re-plead her FDCPA claim with more definite statement which would allow Defendants to frame an adequate response.

## VI.     Plaintiff's Complaint Fails To State A Claim Under RESPA.

In Count III, Plaintiff alleges violations of the Real Estate Settlement and Procedures Act ("RESPA") against Rushmore allegedly due to its failure to provide Plaintiff with a "mortgage loan schedule identifying her loan as among those included in the subject Trust." Dkt. 4, ¶ 45[3]. Plaintiff's allegations are insufficient to support a claim under RESPA and the Complaint must be dismissed.

### A.     Plaintiff's Allegations Are Insufficient For A Claim Under RESPA.

Plaintiff's allegations for her RESPA claim are entirely unsubstantiated. Foremost, Plaintiff alleges she sent a "request for information" to Rushmore without specifying the date on

---

[3] Plaintiff incorporates her allegations under Paragraphs 35-37 for her RESPA claim. However, Paragraphs 35-37 of the Complaint make allegations concerning the Assignments of the Loan and the baseless allegation that the Christiana Trust does not have authority to foreclose on the Property. As outlined *supra*, these allegations are baseless and cannot provide the basis for any RESPA claim.

which she sent the request, the method in which she sent the request, the address to which the request was sent, or that she knows that Rushmore received the request.  To the extent this Court construes Plaintiff's allegations as a Qualified Written Request[4] under RESPA, these failures alone are grounds for dismissal.  *See Malally v. BAC Home Loan Servicing, LLC*, 2010 WL 5140626, *8 (N.D. Ga. Oct. 8, 2010) (dismissing complaint where plaintiff did not "provide any allegation of fact regarding the address to which the QWR was sent, that the QWR was sent to the address provided by Defendant for receipt of such inquiries, or the manner by which she knows the Defendant received the QWR.").

### B.    Plaintiff's Request For A Loan Schedule Does Not Qualify As A QWR.

Moreover, to the extent Plaintiff's allegations are taken as true, the request does not qualify as a QWR.  In order to qualify as a QWR, the correspondence must include requests for information "about the servicing of the loan."  *Jones v. Vericrest Fin., Inc.*, 2011 U.S. Dist. LEXIS 151458 (N.D. Ga. Dec. 7, 2011); *Hintz v. JPMorgan Chase Bank, N.A.*, 2011 WL 579339 at *8 (D. Minn. Feb. 8, 2011) ("the letters were not QWRs because Plaintiffs did not identify purported errors in their account or ask questions related to [the servicer's] servicing of their loan and because "Plaintiffs' letters had no relation to [the servicer's] receipt or application of their payments").   Courts have held it insufficient to merely request information concerning the loan in general; rather, the correspondence must request information specifically about the servicing of the loan in order to qualify as a QWR.  *MorEquity v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (dismissing borrower's RESPA claim where the subject correspondence "allege[d] a forged deed and [recording] irregularities" and "sought information about the

---

[4] Plaintiff alleges that she sent a Qualified Written Request to Rushmore.  However, that allegation is not incorporated into Plaintiff's RESPA count.

validity of the loan and mortgage documents" and holding that such inquiries "did not relate to the 'servicing' of the loan" and therefore did not qualify as a QWR).

Here, Plaintiff fails to adequately allege any facts suggesting that her purported correspondence to Rushmore constituted a QWR.  Plaintiff alleges that she only requested information concerning a "mortgage loan schedule" and fails to allege anything that could be reasonably construed to concerning the "servicing" of the Loan.  Moreover, Plaintiff fails to allege the required specifics as to when the alleged QWR or request for information was sent, how it was sent, and whether it was received by Rushmore.  Finally, Plaintiff's request for the "mortgage loan schedule" is related to Plaintiff's allegations that the Second Assignment to Christiana Trust was fraudulent.  As outlined in extensive detail *supra*, Plaintiff does not have standing to challenge the Second Assignment or any assignment of the Loan.  Accordingly, Plaintiff fails to allege sufficient facts demonstrating that the subject correspondence falls within the definition of a QWR and her RESPA claim must be dismissed.

## VII.    Plaintiff's Claims For Breach Of Contract Or Breach Of Duty Of Good Faith And Fair Dealing Are Subject To Dismissal.

In Counts IV and V of the Complaint, Plaintiff alleges causes of action relating to a purported breach of good faith and fair dealing as to the promissory note and Security Deed for the Loan.  *See* Dkt. 4, ¶¶ 48-53.  Specifically, Plaintiff alleges that the attempt by "all defendants" to "accelerate her Note" and "attempting to enforce a security interest under the Security Deed" constitute a violation of "the legal duty of good faith and fair dealing in the enforcement of contracts.  *Id.*  However, Plaintiff has failed to state any valid breach of contract claim.

"The elements of a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complaint about the contract being broken." *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371 (2008).  Additionally, the Georgia Supreme Court has also held that the breach must be more than *de minimus* and substantial compliance with the contractual terms is all that the law requires.  *Id*.

Based on the four corners of the Complaint, it is clear that Plaintiff cannot establish a valid breach of contract claim.  Plaintiff relies upon her conclusory allegation that Defendants breached the promissory note and security deed because McCalla Raymer sent a notice of default letter under the Loan.  As outlined in Exhibit H to Plaintiff's Complaint, McCalla Raymer advised that the debt was not owed to it, but rather, the debt is owed to Rushmore "who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed." *See* Dkt. 1, Ex. H.  Although Plaintiff alleges that this is improper, it is apparent that McCalla Raymer was acting on behalf of Christiana Trust, who is the valid holder of the Security Deed.  Additionally, Plaintiff's breach of contract claims fail as she breached the Security Deed and promissory note by failing to make all required monthly payments under the Loan.  Plaintiff's claims are nothing more than a disingenuous attempt to prevent the lawful foreclosure on the Property after she defaulted on the Loan.  Finally, to the extent it is construed that Plaintiff is alleging a claim for breach of good faith and fair dealing, such a claim cannot exist independent of a claim for breach of contract.  *See Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches & Ministries, Inc.*, 291 Ga. App. 808, 810 (2008) (holding that the breach of good faith and fair dealing cannot provide an independent basis for liability); *Onbrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, (Ga. App., 2009).  Accordingly,

any claim for breach of contract and/or breach of the covenant of good faith and fair dealing
must be dismissed.

## VIII.    Plaintiff's Civil Conspiracy Claim Fails.

In her final count, Plaintiff alleges a cause of action for "Civil Conspiracy" against

Defendants alleging that "all Defendants conspired and agreed to engage in the intentional acts

amounting to negligence in the enforcement of the Note and Deed." Dkt. 4, ¶ 54.  However,

Plaintiff's cause of action for civil conspiracy fails as a matter of law and she failed to state any

valid underlying claim.

Under Georgia law, a civil conspiracy claim is subject to dismissal unless the Plaintiff

stated a valid claim for some underlying tort:

> We recognize that it is not difficult under our requirements of pleading for a
> petitioner to charge a conspiracy in a civil case.  However, a mere general charge
> of a conspiracy is insufficient to state a cause of action unless the conspiracy be
> coupled with a tort.  It is essential that there be a wrong upon which the
> conspirators acted to the damage of another for the conspiracy to be actionable.

*National City Bank of Rome v. Graham*, 105 Ga. App. 498, 125 S.E.2d 223, 229 (1962).  *See*

*also First Federal Savings Bank v. Hart*, 185 Ga. App. 304, 363 S.E.2d 382 (1987); *Kinnard*

*Realty, Inc. v. Evans*, 152 Ga. App. 813; 264 S.E.2d 282 (1979).  To recover for civil conspiracy,

"a plaintiff must show that two or more persons, acting in concert, engaged in conduct that

constitutes a tort."  *Wilson v. Mountain Valley Community Bank*, 328 Ga. App. 650 (2014)

(citing *Jenkins v. Wachovia Bank Nat. Assn.*, 309 Ga. App. 562, 567 (2011).  "Absent the

underlying tort, there can be no liability for civil conspiracy." *Id*.

Plaintiff's claim for civil conspiracy falls woefully short of satisfying the elements for

such a claim.  Plaintiff's conspiracy arises out of an alleged breach of contract and breach of the

good faith and fair dealing in exercising rights under the promissory note and Security Deed for

the Loan. *See* Dkt. 4, ¶¶ 48-53.  As shown *supra*, Plaintiff's claims for negligence and breach of

good faith and fair dealing fail as a matter of law.  Moreover, to the extent that Plaintiff is

alleging fraud in support of her civil conspiracy claim, any claim for fraud fails because

Plaintiff's allegations fail to meet the pleading requirement of Fed. R. Civ. P. 9(b).  *See Ziemba v.*

*Cascade Int'l, Inc.*, 256 F.3d 1194, 1201 (11th Cir. 2001); *Ambrosia Coal & Constr. Co. v.*

*Pages Morales*, 482 F.2d 1309, 1316 (11th Cir. 2007).

To satisfy the pleading requirements of Rule 9(b), a complaint must allege "(1) the

precise statements, documents, or misrepresentations made; (2) the time, place and person

responsible for the statement; (3) the content and manner in which these statements misled the

Plaintiffs; and (4) what the defendants gained by the alleged fraud."  *See Brooks v. Blue Cross &*

*Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). "Mere allegations of fraud,

corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are

too conclusional to satisfy the particularity requirement no matter how many times such

accusations are repeated.  *Flynn v. Merrick*, 881 F.2d 446, 449 (7th Cir. 1989) (quoting *Hayduk*

*v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985)).  Dismissal is warranted where the plaintiff's

complaint fails to comply with these requirements.  *See Oxford Asset Mgmt. v. Jaharis*, 297 F.3d

1182, 1193-94 (11th Cir. 2002).  Here, Plaintiff has provided no specific allegations to support

any claim for fraud, civil conspiracy, or any other cause of action pled in her Complaint.  As a

result, her claim for civil conspiracy fails and must be dismissed.

IX.     **Plaintiff Is Not Entitled To Injunctive Or Declaratory Relief.**

The Complaint makes a final, general demand for injunctive and declaratory relief on the basis that " because no Defendant has a valid interest in either her Promissory Note or Security Deed, she is entitled to a declaration to this effect and an order expunging the underlying Security Deed and/or cancelling same." Dkt. 4, ¶ 56. Plaintiff also seeks an order discharging the debt. *Id.* However, Plaintiff's claims fail as Plaintiff enters this Court with unclean hands and has failed to show a sufficient likelihood of success on the merits of her claims. For these reasons, Plaintiff's claims for injunctive and declaratory relief fail as a matter of law and the Complaint should be dismissed.

A.     **Plaintiff's Claims For Injunctive Or Equitable Relief Fail As She
Has Not Shown Sufficient Likelihood Of Success On The Merits.**

As determined by the court in the Second Lawsuit, Plaintiff is not entitled to any injunctive relief because she has not shown sufficient likelihood of success on the merits of her claims. *See R.D. Brown Contrs., Inc. v. Bd. of Educ. of Columbia County*, 280 Ga. 2010, 212 (2006). "If the trial court determines that the law and facts are so adverse to a Plaintiff's position that a final order in his favor is unlikely, it may be justified in denying the temporary injunction because of the inconvenience and harm to the defendant if the injunction were granted." *Id.* As shown throughout this Brief, Plaintiff's claims fail as a matter of law. Moreover, Plaintiff has shown a complete inability to demonstrate she is likely to succeed on the merits of her Complaint. Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice.

### B.    Plaintiff's Claims For Equitable or Injunctive Relief Are Barred By The Doctrine Of Unclean Hands.

Plaintiff is not entitled to any equitable or injunctive relief on any ground because she has failed to tender all sums due and owing under the Note and Security Deed, which is required under Georgia law.  "One who seeks equity must do equity."  O.C.G.A. § 23-1-10; *see also Dozier v. Shirley*, 240 Ga. 17 (1977) (holding that equitable relief is not available where the plaintiff is in default as to his or her obligations under the same agreement); *see also Berry v. Government National Mortgage Ass'n.*, 231 Ga. 503 (1973) (holding that a borrower who executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power of sale in the deed, unless he first pays or tenders to the creditor the amount admittedly due.)  When a complaint does not allege that the required repayment or tender has been made, the complaint fails to state a cause of action.  *See Wilson v. McAteer*, 206 Ga. 835 (1950).

Plaintiff has not come into this Court with "clean hands" and is not entitled to equitable relief when she has not done equity herself.  *See Id*. at 503 ("He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit").  Under this application, Plaintiff must tender the amount due under the Security Deed and Note before she is entitled to receive equity.  There is nothing in Plaintiff's Complaint to suggest that she has paid or will pay any amounts due under the Loan.  Instead, she has merely alleged baseless and unfounded standing issues to hinder Christiana Trust from foreclosing on the Property.  Furthermore, as demonstrated above, Plaintiff has failed to show a sufficient likelihood of success on the merits of her claims.  Thus, any claim for injunctive or equitable relief fails.

**C.    Any Claim For Declaratory Relief Must Be Denied As A Matter Of Law.**

Finally, any claim for declaratory relief also fails as a matter of law.  Under Georgia law, declaratory relief is appropriate when it is necessary to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some <u>future</u> act or conduct."  *Henderson v. Alverson*, 217 Ga. 541 (1962) (emphasis added).  Where the party seeking declaratory judgment does not show that it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment is proper; otherwise, the trial court will be issuing an advisory opinion, and the Declaratory Judgment Act makes no provision for a judgment for a provision that would be "advisory."  *See Baker v. City of Marietta*, 271 Ga. 210, 214 (1999).

"The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated.  Indeed, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole."  *Lloyd v. City of Irwinton*, 142 Ga. App. 626, 626 (1977) (quoting *Rowan v. Herring*, 214 Ga. 370, 374 (1958)).  Simply put, the Plaintiff must demonstrate that an actual or justiciable controversy exists between adverse parties, and not just that accrued rights and duties exist between parties.  *Bus. Software v. Info. Assocs.,* 201 Ga. App. 565, 565 (1991).

Plaintiff is in no position of uncertainty in this case.  The Complaint is devoid of any allegations regarding any future conduct about which she is uncertain.  Plaintiff's Complaint is filled by generalized accusations seeking this Court to restrict the lawful foreclosure of the Property. Plaintiff is not faced with taking a step that would injure or jeopardize her rights and her Complaint does not specify the future conduct for which Plaintiff seeks legal guidance.  For

these reasons, any claims by Plaintiff for declaratory judgment fail and the Complaint should be dismissed.

<b><u>CONCLUSION</u></b>

Plaintiff's Complaint is nothing more than another attempt to remain in the Property without making the required payments on her Loan.  Plaintiff's Complaint consists of claims which arise prior to the filing of her Chapter 7 Petition, which Plaintiff does not have standing to bring, and which divests this Court of subject matter jurisdiction. Additionally, Plaintiff has pled the substance of her claims in two prior lawsuits which were either voluntarily dismissed by Plaintiff or adjudicated on the merits by a court of competent jurisdiction.  Finally, Plaintiff's claims fail as a matter of law.  Christiana Trust is clearly the holder of the Security Deed with the rights to enforce its terms and foreclose on the Property.  Plaintiff's claims are unsubstantiated, conclusory, and purely frivolous.  For the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted this 18th day of July, 2016.

<u>/s/Kathleen G. Furr</u>
Teresa L. Bailey
Georgia Bar No. 572516
Alexander F. Koskey, III
Georgia Bar No. 694546
Kathleen G. Furr
Georgia Bar No. 589008
*Attorneys for Defendants, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust Series 2013-7, Carrington Mortgage Services, LLC, and Rushmore Loan Management Services, LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** Suite 1600, Monarch Plaza

3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Facsimile: (404) 221-6501
Email: tbailey@bakerdonelson.com
Email: akoskey@bakerdonelson.com
Email: kfurr@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN VALIDITY, STATUS AND DISCHARGEABILITY OF DEBT AND FOR OTHER RELIEF AND DAMAGES** by filing same with the CM/ECF system, which will automatically send email notifications to all attorneys of record and via U.S. Mail with proper postage for delivery upon the following:

Roseline Y. Charles, *Pro Se*
1944 Acorn Lane
Dacula, GA 30019

This 18th day of July, 2016.

<u>/s/Kathleen G. Furr</u>
Teresa L. Bailey
Georgia Bar No. 572516
Alexander F. Koskey, III
Georgia Bar No. 694546
Kathleen G. Furr
Georgia Bar No. 589008
*Attorneys for Defendants, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust Series 2013-7, Carrington Mortgage Services, LLC, and Rushmore Loan Management Services, LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Facsimile: (404) 221-6501
Email: tbailey@bakerdonelson.com
Email: akoskey@bakerdonelson.com