## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROSELINE Y. CHARLES, | ) | CASE NO.: 16-57698-pwb |
| | ) | CHAPTER 7 |
|     Debtor. | ) | |
| | ) | |
| | ) | |
| ROSELINE Y. CHARLES | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADVERSARY CASE NO. 16-05108 |
| | ) | |
| CHRISTIANA TRUST, A DIVISION | ) | |
| OF WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, AS TRUSTEE FOR | ) | |
| STANWICH MORTGAGE LOAN | ) | |
| TRUST, SERIES 2013-7 AND | ) | |
| CARRINGTON MORTGAGE | ) | |
| SERVICES, LLC, RUSHMORE LOAN | ) | |
| MANAGEMENT SERVICES, LLC, | ) | |
| AND MCCALLA RAYMER, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

### DEFENDANTS' RESPONSE TO DEBTOR'S MOTION FOR ORDER COMPELLING TRUSTEE TO JOIN AS A PLAINTIFF IN THE ADVERSARY PROCEEDING OR ABANDON LEGAL CLAIMS FOR MONETARY DAMAGES

COME NOW Defendants, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-7 ("Christiana Trust"), Carrington Mortgage Services, LLC ("Carrington"), and Rushmore Loan Management Services, LLC ("Rushmore") (collectively referred to herein as "Defendants"), by and through their undersigned counsel and submit this Response to Debtor's Motion for Order Compelling Trustee to Join as a Plaintiff in the Adversary Proceeding or Abandon Legal Claims for Monetary

Damages filed by Plaintiff-Debtor, Roseline Y. Charles ("Plaintiff") stating the following to this Honorable Court:

## **INTRODUCTION**

On May 2, 2016, Plaintiff filed for Chapter 7 bankruptcy protection with this Court (Case No. 16-57698) (the "Bankruptcy Action"). On May 16, 2016, Plaintiff initiated this adversary proceeding alleging causes of action for quiet title and declaratory relief. *See* Dkt. 1.[1] Specifically, Plaintiff alleges that the Defendants have no relationship to the Loan and have violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff has acknowledged in all three of her prior bankruptcy cases that third parties possess a security interest in the Property.

On June 20, 2016, Plaintiff filed a Request for Abandonment with the Court seeking an order abandoning all claims in her adversary proceeding from the bankruptcy estate. *See* Bankruptcy Action, Dkt. 23. The bankruptcy trustee has previously abandoned the Property from the bankruptcy estate. *See* Bankruptcy Action, Dkt. 24. On July 13, 2016, the Court entered an Order Dismissing Requests for Abandonment specifically holding that "[T]o the extent that [Plaintiff] … wants the Chapter 7 Trustee to prosecute the adversary proceeding she has filed, the Court has no authority to grant such relief." Bankruptcy Action, Dkt. 26.

On August 4, 2016, Plaintiff filed her Motion for Order Compelling Trustee to join as a Plaintiff in the Adversary Proceeding or Abandon Legal Claims for Monetary Damages (the "Motion"). *See* Dkt. 11. Although unclear, Plaintiff's Motion appears to focus exclusively upon her FDCPA claims and either compelling the Chapter 7 Trustee to join as a Plaintiff or to abandon the FDCPA claims from the bankruptcy estate. It must be conspicuously noted that

---

[1] Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint which remains pending before the Court. *See* Dkt. 13.

2

Plaintiff's Motion was filed in this Adversary Proceeding where the Chapter 7 Trustee is not a party, rather than in the Bankruptcy Action. Therefore, it is unknown whether the Chapter 7 Trustee has notice of the pending Motion. Nonetheless, Defendants state that Plaintiff's Motion must be denied as moot because, regardless of whether Plaintiff or the Chapter 7 Trustee are asserting the FDCPA claim, this Court lacks subject matter jurisdiction. Accordingly, the Motion must be denied.

## ARGUMENT AND CITATION TO AUTHORITY

### I. The Bankruptcy Court Lacks Subject Matter Jurisdiction Over This Adversary Proceeding.

Plaintiff's Motion should be denied because this Court lacks subject matter jurisdiction over Plaintiff's Adversary Proceeding. "The Court is required to examine subject matter jurisdiction at the earliest opportunity, even if doing so raises the issue *sua sponte*." *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). The Court may consider "materials outside of the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence." *Brown v. Steel Capital, LLC (In re Brown)*, 2013 Bankr. LEXIS 5534 (Bankr. N.D. Ga. Dec. 18, 2013) (quoting *In re General Media, Inc.*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005). The Plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *Id*.

The general rule is that a cause of action belonging to the debtor in a bankruptcy proceeding vests in the bankruptcy estate upon the filing of a bankruptcy petition. *See* 11 U.S.C. § 541; *Bernstein v. Wells Fargo Bank, N.A. (In re Bernstein)*, 525 B.R. 505 (Bankr. N.D. Ga. 2015) (dismissing adversarial proceeding filed by debtor against mortgage lender because debtor did not have standing to prosecute pre-petition claims). However, the bankruptcy court's

3

jurisdiction is limited to "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. §§ 157(a); 1334(b).  A proceeding "arising in" title 11 typically includes administrative matters that can only arise in a bankruptcy.  *See In re Toledo*, 170 F.3d 1340 (11th Cir. 1999).

Where real property has been abandoned from property of the estate, the bankruptcy court lacks jurisdiction to determine any dispute concerning the property.  *See Maxwell v. HSBC Mortg. Corp. (In re Maxwell)*, 2012 Bankr. LEXIS 3876 (Bankr. N.D. Ga. Aug. 22, 2012) (dismissing adversary proceeding filed by debtor challenging validity of creditor's interest in real property).  The lack of jurisdiction also extends to derivative claims for costs and monetary damages.  *See Brown v. Steel Capital, LLC (In re Brown)*, 2013 Bankr. LEXIS 5534 (Bankr. N.D. Ga. Dec. 18, 2013) (holding that plaintiff's claims for injunctive and declaratory relief, along with derivative monetary claims for damages, should be dismissed as the bankruptcy trustee had abandoned claims from the estate and adversary proceeding in no way impacted the property of the estate); *see also Cambron v. Med. Data Sys. (In re Cambron)*, 2006 Bankr. LEXIS 1424 (Bankr. M.D. Ala. June 30, 2006) (holding that court did not have jurisdiction over FDCPA claims in an adversary proceeding since FDCPA claims "were not administrative matters that could have only arisen in the bankruptcy context").

On July 7, 2016, the Chapter 7 Trustee abandoned the Property from the bankruptcy estate.  *See* Bankruptcy Action, Dkt. 24.  Therefore, this Court lacks subject matter jurisdiction over Plaintiff's adversary proceeding, Plaintiff's Motion is moot, and the Amended Complaint should be dismissed.  Moreover, on August 4, 2016, Plaintiff filed an Amended Schedule C in the Bankruptcy Action valuing her monetary damages at $8,000 and claiming them as exempt

4

from the bankruptcy estate. *See* Bankruptcy Action, Dkt. 31. Therefore, none of the relief sought in Plaintiff's adversary proceeding has any impact upon the administration of the bankruptcy estate and, accordingly, divests this Court of subject matter jurisdiction.[2] As a result, this Court does not have subject matter jurisdiction over Plaintiff's adversary proceeding, the Amended Complaint should be dismissed, and Plaintiff's Motion must be denied.

## CONCLUSION

As demonstrated above, this Court has no subject matter jurisdiction over the claims in Plaintiff's adversary proceeding and Plaintiff's Motion must be denied.

Respectfully submitted this 25th day of August, 2016.

**/s/Teresa L. Bailey**
Teresa L. Bailey
Georgia Bar No. 572516
*Attorneys for Defendants, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust Series 2013-7, Carrington Mortgage Services, LLC, and Rushmore Loan Management Services, LLC*

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC** Suite
1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Facsimile: (404) 221-6501
Email: tbailey@bakerdonelson.com

---

[2] To the extent this Court finds that Plaintiff's FDCPA claims are part of the bankruptcy estate, then they must be brought by the Chapter 7 Trustee as Plaintiff lacks standing to assert the claims.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANTS' RESPONSE TO DEBTOR'S MOTION FOR ORDER COMPELLING TRUSTEE TO JOIN AS A PLAINTIFF IN THE ADVERSARY PROCEEDING OR ABANDON LEGAL CLAIMS FOR MONETARY DAMAGES** by filing same with the CM/ECF system, which will automatically send email notifications to all attorneys of record and via U.S. Mail with proper postage for delivery upon the following:

Roseline Y. Charles, *Pro Se*
1944 Acorn Lane
Dacula, GA 30019

This 25th day of August, 2016.

/s/Teresa L. Bailey
Teresa L. Bailey
Georgia Bar No. 572516
*Attorneys for Defendants, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust Series 2013-7, Carrington Mortgage Services, LLC, and Rushmore Loan Management Services, LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Facsimile: (404) 221-6501
Email: tbailey@bakerdonelson.com